STUART, Justice
(concurring specially).
I concur in the main opinion, and I write specially to further state my reasons for concurring to overrule Ex parte Bayliss, 550 So.2d 986 (Ala.1989). I disagreed with this Court’s holding in Ex parte Bayliss when it was decided in 1989, while I was serving as a trial court judge. However, cognizant of my role at that time, I recognized Ex parte Bayliss as the law and followed it when called upon to do so. See Hardin v. Metlife Auto & Home Ins. Co., 982 So.2d 522, 527 (Ala.Civ.App.2007) (“This court and the trial court are bound by the precedent established by our supreme court.”). Subsequently, I became a Justice on the Supreme Court, and I continued to apply Ex parte Bayliss based on the principle of stare decisis. See, e.g., Ex parte Tabor, 840 So.2d 115 (Ala.2002). *81 See also Moore v. Prudential Residential Servs. Ltd,. P’ship, 849 So.2d 914, 926 (Ala.2002) (“Stare decisis commands, at a minimum, a degree of respect from this Court that makes it disinclined to overrule controlling precedent when it is not invited to do so.”). However, the petitioner in the instant case has specifically asked us to overrule Ex parte Bayliss, and, accordingly, I believe this is the proper occasion to do so. See Jackson v. City of Florence, 294 Ala. 592, 598, 320 So.2d 68, 73 (1975) (“As strongly as we believe in the stability of the law, we also recognize that there is merit, if not honor, in admitting prior mistakes and correcting them.”).
BOLIN, J., concurs.